UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SG COWEN & CO., LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY,<br><br>        Defendant. | C.A. No. 05-11106 PBS |

### PLAINTIFF SG COWEN & CO., LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF GERALD A. NOVACK, ESQ.

Plaintiff SG Cowen & Co., LLC. ("SG Cowen") respectfully moves this Court for leave to submit the Supplemental Declaration of Gerald A. Novack, Esq, which is attached hereto as an exhibit. In support of this Motion, SG Cowen states that such Supplemental Declaration is necessary to bring to the Court's attention a significant sworn admission made in Twin City's Answers to SG Cowen's First Set of Interrogatories. Those Answers were served on SG Cowen late in the day November 14, 2005, after SG Cowen had filed its papers in opposition to Twin City's motion for a protective order.

The dispute between the parties in this lawsuit, like the present discovery dispute, is about the meaning of the Agreement and Conditional Claim Release. As explained in the proposed Supplemental Declaration, this recent admission by Twin City in its Answers to Interrogatories goes to the heart of Twin City's interpretation of the Release, and thus to the issues raised by the motion for a protective order barring discovery of extrinsic and parol evidence as to the meaning of the Release.

WHEREFORE, SG Cowen respectfully requests that this Court grant leave to file the Supplemental Declaration of Gerald A. Novack, Esq., in the form filed herewith.

Respectfully submitted,

/s/ Aimée E. Bierman
Wm. Shaw McDermott (BBO #330860)
  smcdermott@klng.com
Aimée E. Bierman (BBO #640385)
  abierman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109-1808
(617) 261-3100

Gerald A. Novack, Esq.
  gnovack@klng.com
Jessica L. Jiménez, Esq.
  jjimenez@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
599 Lexington Ave.
New York, NY 10022
(212) 536-3900

Dated:  November 16, 2005

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned hereby certifies that on November 16, 2005 at 11:30 a.m., Steven D. Morris (on behalf of Twin City) and Aimée E. Bierman (on behalf of SG Cowen) conferred telephonically pursuant to the provisions of Local Rule 7.1 in a good-faith effort to resolve and narrow the issues presented in this Motion.  The parties were not able to reach agreement on the issues.

/s/ Aimée E. Bierman
Aimée E. Bierman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X

SG COWEN & CO., LLC,

        Plaintiff,

-against-

TWIN CITY FIRE INSURANCE
COMPANY,

        Defendant.

---------------------------------------------------------------X

Civil Action No. 05-11106-PBS

SUPPLEMENTAL
DECLARATION OF
GERALD A. NOVACK, ESQ.

Gerald A. Novack, hereby states as follows:

1. I am a member of the firm of Kirkpatrick & Lockhart Nicholson Graham LLP, attorneys for the Plaintiff SG Cowen & Co., LLC ("SG Cowen"). I respectfully submit this Supplemental Declaration in further opposition to the motion by Defendant Twin City Fire Insurance Company ("Twin City") for a protective order barring discovery of extrinsic or parol evidence relating to the meaning of the Agreement and Conditional Claim Release entered into between SG Cowen and Twin City on April 6, 2005 (the "Release"). I submit this Supplemental Declaration to bring to the Court's attention the contents of Twin City's Answers to SG Cowen's First Set of Interrogatories (the "Answers to Interrogatories"). (An excerpt from the Answers to Interrogatories is

annexed hereto as Exhibit A.) Those Answers to Interrogatories were received by SG Cowen after its response to the motion for a protective order had been filed. It is SG Cowen's position that the admissions made in Twin City's Answers to Interrogatories provide powerful evidence that Twin City's motion for a protective order was not made in good faith.

2. In support of its motion for a protective order barring the discovery of extrinsic or parol evidence relating to the meaning of the Release, Twin City argued that the Release was clear and unambiguous in barring any suit by SG Cowen for "that portion of the settlement amount" that was not paid by Twin City. Twin City's memorandum of law in support of its motion stated that:

> SG Cowen relies on assumptions about what it might find [in discovery] and conclusory statements that the Release means something other than what it plainly says. For example, … **SG Cowen asserts** … that "the … **Release did not** in any way **extinguish SG Cowen's right to be paid by Twin City that portion of the settlement amount … that was not paid** by the underlying carriers. … **This assertion directly contradicts the broad release granted by SG Cowen** ….

(Twin City Memo of Law, p. 8) (emphasis added)

3. Twin City's motion also suggested that SG Cowen's discovery was not sought based on any good faith belief that it might lead to the discovery of admissible evidence supporting SG Cowen's interpretation of the Release, i.e., that it reserved SG Cowen's right to sue Twin City for its unpaid portion of the settlement amount. Twin City criticized SG Cowen for making discovery requests supposedly in the "hopes that if it [SG Cowen] makes its request broad enough, it will stumble across some shred of fact

2

or circumstance that it [SG Cowen] might argue raises doubt about the meaning of the Release." (Twin City Memo of Law, p. 9)

4.  When Twin City made these arguments in support of its motion it did not submit any sworn statement by anyone who had participated in the negotiation of the Release. Twin City was well aware, however, based upon the prediction made by counsel for SG Cowen at the Rule 16 scheduling conference, that the testimony of Twin City's representative who negotiated the Release, Christopher Butler, would confirm (if he testified truthfully) that the central purpose of the Release was to preserve for SG Cowen the right to sue Twin City to recover the unpaid portion of the Baker settlement –the very position being taken by SG Cowen in this litigation.

5.  Notwithstanding this, Twin City's motion for a protective order made the arguments quoted above, and questioned SG Cowen's good faith in asserting that the Release preserved its right to sue Twin City for its unpaid share of the Baker settlement. In fact, as demonstrated by the response in Twin City's sworn Answers to Interrogatories – verified by Butler – it is Twin City that has not acted in good faith.

6.  Twin City's Answers to Interrogatories essentially admit that SG Cowen's interpretation of the Release is correct. Specifically, Butler admits (as SG Cowen has contended) that: (a) there was a dispute over whether Twin City could use its argument, that the defense costs paid by the underlying insurance were unreasonable, to reduce its share of the Baker settlement; and (b) the Release reflected the parties' agreement that SG Cowen reserved the right to "recover some or all of the amount it paid to settle the

3

Baker Litigation." Butler's verified response to Interrogatory Number 8 reads, in pertinent part, as follows:

> Pursuant to the Agreement and Release … the **parties agreed to reserve** their respective rights to dispute the reasonableness of the defense costs and, depending on whether it was determined that the costs were or were not reasonable, **SG Cowen's right to recover some or all of the amount it paid to settle the Baker Litigation**.

(Answers to Interrogatories, p. 8) (emphasis added)

7. In short, the tailored discovery requested by SG Cowen – to which Twin City has objected – is designed to obtain further proof of what Butler has now largely admitted, namely that SG Cowen reserved the right to "recover some or all of the amount it paid to settle the Baker Litigation." This admission demonstrates that the arguments originally asserted by Twin City in support of its motion for a protective order were without any justification whatever, and indeed contrary to what Twin City's key witness knew to be the fact. Accordingly, it is respectfully submitted that not only should the motion for a protective order be denied, and discovery proceed as requested, but also that SG Cowen should be given an award of attorney's fees and expenses for opposing a motion for a protective order that should never have been made, especially in the face of Judge Saris's ruling that discovery of parol evidence concerning the meaning of the Release should proceed.

4

I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on November 16, 2005.

*[signature]*
Gerald A. Novack, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SG COWEN & CO., LLC,<br><br>              Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE<br>COMPANY,<br><br>              Defendant. | Civil Action No. 05-11106-PBS |

### DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S ANSWERS TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and L.R. 33.1, Defendant Twin City Fire Insurance Company ("Twin City") responds and objects to the Interrogatories propounded by Plaintiff SG Cowen & Co., LLC's ("SG Cowen") as follows:

### GENERAL OBJECTIONS

Twin City makes the following General Objections ("General Objections") to Plaintiff's Interrogatories. These General Objections are incorporated by reference into Twin City's answer to each and every individual interrogatory, to the extent applicable, whether or not specifically stated in any individual response.

    1.    Twin City objects to each and every definition, instruction and request to the extent that they impose requirements beyond those provided in the Federal Rules of Civil Procedure or the Local Rules of this Court. Without limiting the generality of this objection, Twin City objects to Instruction Number 6 of the interrogatory requests, on the grounds that it renders the requests overly broad and unduly burdensome, vague and ambiguous in its use of the

**Answer No. 7:**

Twin City objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Twin City further objects to this Interrogatory to the extent it seeks information beyond the scope of discovery permitted by the Court in its Order dated October 5, 2005. That Order limits discovery to the Release and Breach of Release.

Subject to and without waiving its objections, Twin City states that it had no oral communications with the reinsurers concerning the drafting, negotiation and execution of the Release. To the extent that there were any written communications between Twin City and its reinsurers concerning the drafting, negotiation and execution of the Release, Twin City will produce those documents in responses to Plaintiffs' First Request for Production of Documents and SG Cowen's request for documents identified in Twin City's automatic disclosures served on SG Cowen pursuant to Fed. R. Civ. P. 26(a)(1).

**Interrogatory No. 8:**

For each Affirmative Defense set forth in your Answer and Counterclaim to the Plaintiff's Complaint, identify all facts upon which you rely in asserting each Affirmative Defense including documents and oral communications upon which you rely and identify all oral communications and documents relating thereto.

**Answer No. 8:**

The parties dispute the admissibility of parol evidence to contradict the plain meaning of the Release. To the extent the Court rules that such evidence is admissible, Twin City reserves its right to supplement this response.

Twin City states that it relies on the following facts in asserting its Affirmative Defenses set forth in Twin City's Answer and Counterclaim:

Paragraph 12 of the Complaint establishes that the Complaint seeks only to recover a portion of the settlement amount paid by SG Cowen to settle the underlying Baker Litigation. Nowhere in its Complaint does the plaintiff address the dispute over the unreasonableness of the defense costs which were paid by it and its insurers, and which SG Cowen knows was a fundamental term of the agreement between the parties concerning the settlement of the Baker Litigation. Pursuant to the Agreement and Release, a true copy of which is attached to this Answer and Counterclaim, the parties agreed to reserve their respective rights to dispute the reasonableness of the defense costs and, depending on whether it was determined that the costs were or were not reasonable, SG Cowen's right to recover some or all of the amount it paid to settle the Baker Litigation. Pursuant to the Settlement Agreement and Release, Twin City agreed that it would pay $7.5 million toward the settlement and SG Cowen released Twin City from any actions, causes of actions, liability or damages arising from the Baker Litigation. The parties also agreed to preserve their respective rights with respect to the reasonableness of the defense costs and SG Cowen's right to seek "full recovery" against Twin City for that portion of the defense costs that Twin City had set off against the amount demanded by SG Cowen under its Policy of insurance. The Complaint does not seek the payment of "Defense Costs and other Claims Expenses," as provided in the Agreement and Release.

The claim asserted in SG Cowen's Complaint is barred by the Agreement and Conditional Claim Release. That Release bars all claims under the Policy arising out of the Baker Litigation, with the sole exception of Defense Costs and other Claims Expenses. Furthermore, Twin City has satisfied its obligations under the Release by paying $7,500,000 toward the funding of the settlement of the Baker Litigation, and by agreeing to preserve SG

Cowen's right to seek full recovery of the "Defense Costs and other Claims Expenses" incurred in the course of the Baker Litigation.

Because the Complaint seeks only a portion of the settlement amount for the Baker Litigation and not Defense Cost and Claims Expenses, as agreed by the parties in the Agreement and Conditional Release, the claim asserted by the Complaint is barred by the Release as a matter of law.

Twin City will produce documents relating to the satisfaction of Twin City's obligations under the Release in response to Plaintiffs' First Request for Production of Documents and SG Cowen's request for documents identified in Twin City's automatic disclosures served on SG Cowen pursuant to Fed. R. Civ. P. 26(a)(1).

AS TO OBJECTIONS:

_____
John D. Hughes (BBO# 243660)
Craig Stewart (BBO# 480440)
Mary Patricia Cormier (BBO# 635756)
Steven D. Morris (BBO# 645093)
EDWARDS ANGELL PALMER & DODGE, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

## AS TO ANSWERS:

### VERIFICATION

I, Christopher J. Butler, state on this 14th day of November, 2005, under the pains and penalties of perjury, that I have been authorized to sign these interrogatory answers on behalf of the defendant in this action, that I have read these answers and know their contents. These answers are based on, and necessarily are limited by, the information presently recollected. I reserve the right to make changes in these answers if it appears that omissions or errors have been made, or more accurate or recollected information becomes available. Subject to these limitations, these answers are true to the best of my knowledge, information and belief.

_____
Christopher J. Butler