UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SG COWEN & CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-11106-PBS |
| | ) | |
| v. | ) | |
| | ) | |
| TWIN CITY FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED ANSWER AND COUNTERCLAIM

Defendant Twin City Fire Insurance Company ("Twin City") hereby answers the allegations contained in Plaintiff SG Cowen & Co., LLC's ("SG Cowen") Complaint, as follows:

### FIRST DEFENSE

Twin City, pursuant to Fed. R. Civ. P. 8(b), answers the allegations contained in the numbered paragraphs of the Complaint, as follows:

1. Twin City lacks knowledge sufficient to form a basis as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admitted.

3. Insofar as Paragraph 3 contains conclusions as to law, no answer is required. Insofar as Paragraph 3 contains factual allegations, Twin City lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

4. Insofar as Paragraph 4 contains conclusions as to law, no answer is required. Insofar as Paragraph 4 contains factual allegations, Twin City lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

5.      Admitted.

6.      Admitted.

7.      The Policy is in writing and speaks for itself; to the extent the allegations contained in Paragraph 7 are inconsistent therewith, Twin City denies them.

8.      Twin City admits that SG Cowen has paid all premiums due to Twin City under the Policy; otherwise, Twin City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.      The Policy is in writing and speaks for itself; to the extent the allegations contained in Paragraph 9 are inconsistent therewith, Twin City denies them.

10.     Admitted.

11.     Admitted.

12.     Twin City admits the allegations contained in the first sentence of Paragraph 12; otherwise denied.

13.     Denied.

Twin City, pursuant to Fed. R. Civ. P. 8(c), sets forth the following affirmative defenses to the Complaint.

## SECOND DEFENSE

14.     Twin City compromised a dispute over coverage with SG Cowen.

15.     In connection with that compromise, the parties agreed to an Agreement and Conditional Claim Release (the "Release"), a true and accurate copy of which is attached hereto as Exhibit A.

16.     Paragraph 3 of the Release states that SG Cowen releases Twin City from all claims "arising from, in connection with or in any way related to the [underlying] litigation with

BOS_BOS_513746_1.DOC/SMORRIS

the *sole exception* of the dispute with Twin City as to the reasonableness of Defense Costs and other Claims Expenses and SG's right to seek full recovery of the Defense Costs and other Claims Expenses referred to in paragraph 2 [of the Release]." (emphasis added)

17.    Paragraph 2 of the Release states that:

each party reserves its respective rights to dispute the reasonableness of Defense Costs and other Claims Expenses incurred in the course of the [underlying] litigation, and SG reserves its right to seek full recovery of the Defense Costs and other Claims Expenses and no payment by Twin City or SG toward funding the settlement of the [underlying] litigation will prejudice the rights of either party. In no event shall Twin City pay more than a total of $15 million toward the funding of the settlement and reimbursement of Defense Costs and other Claims Expenses, collectively.

18.    Nowhere in its Complaint does the Plaintiff seek recovery of the disputed Defense Costs and other Claims Expenses (hereafter, "Defense Costs") that Twin City determined to be unreasonable and which it had deducted from its payment under the Policy, and which was the sole exception to the mutual releases executed by the parties under the Release. Instead, the Plaintiff has argued that because it has already been paid the Defense Costs, it should be allowed to ignore the plain language of the Release and seek what it calls "the full amount due from [Twin City] under the Policy," [Complaint, ¶12] without regard to the reasonableness of the Defense Costs deducted by Twin City.

19.    Accordingly, the Plaintiff's claims as set forth in the Complaint do not concern the reasonableness or seek recovery of the Defense Costs and other Claims Expenses specifically reserved under the Release and are, therefore, barred by the terms of the Release.

20.    Therefore, the Plaintiff is not entitled to recover.

### THIRD DEFENSE

21.    Twin City incorporates by reference and restates herein paragraphs 14 through 18, supra.

BOS_BOS_513746_1.DOC/SMORRIS

22.     Paragraph 1 of the Release states that "Twin City shall make a payment in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000) (the 'Settlement Payment') toward the funding of the settlement of the [underlying] litigation pursuant to the terms of the Settlement Agreement entered into between SG Cowen and the Plaintiffs in the [underlying] litigation."

23.     Paragraph 3 of the Release states that the Release by SG Cowen as described in paragraph 16, <u>supra</u>, was granted "[i]n consideration of the agreement by Twin City described above, as well as any additional consideration, the receipt and adequacy of which is hereby acknowledged."

24.     Twin City paid the Settlement Payment pursuant to the terms of paragraph 1 of the Release and SG Cowen executed the Release as described in paragraphs 16 and 23, <u>supra</u>. As set forth in Twin City's Answers to Plaintiff's First Set of Interrogatories, Twin City has affirmed the Plaintiff's right under the Release to seek full recovery of that portion of the Defense Costs that Twin City claims were unreasonable and unnecessary and which it set off against the amount which the Plaintiff claims is due under the Policy. The Plaintiff's Complaint fails to seek recovery for the aforesaid Defense Costs, and instead purports to assert claims which are barred by the Release.

25.     Based on the facts set forth in paragraph 24, <u>supra</u>, there has been full accord and satisfaction between the parties with respect to the claims asserted in the Plaintiff's Complaint.

26.     Therefore, the Plaintiff is not entitled to recover.

BOS_BOS_513746_1.DOC/SMORRIS

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff, Twin City, pursuant to Fed. R. Civ. P. 13(a), brings this counterclaim against the Plaintiff and Counterclaim Defendant SG Cowen, as follows:

1.      This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C.A. § 1367(a) as the matter forms a part of the same case or controversy as the allegations in the Complaint which the Plaintiff SG Cowen alleges satisfy supplemental jurisdiction pursuant to 28 U.S.C. § 1332.

2.      Twin City incorporates by reference and restates herein the allegations set forth in paragraphs 14 through 18 and 22 through 24 of the First Amended Answer, supra.

3.      Pursuant to paragraph 3 of the Release, SG Cowen released Twin City from all claims arising from, in connection with or in any way related to the [underlying] litigation, with the sole exception of claims related to the Defense Costs and Other Claims Expenses.   The Plaintiff's Complaint fails to seek recovery for the aforesaid Defense Costs which Twin City has set off against the amount claimed to be due under the Policy, apparently on the ground that said Defense Costs were satisfied by the Underlying Policy Coverage.   Instead the Plaintiff's Complaint purports to assert claims which are barred by the Release.

4.      Accordingly, the Plaintiff SG Cowen has breached its obligation under Paragraph 3 of the Release to release Twin City as described in paragraph 16, supra., by filing the Complaint against Twin City which ignores the parties' agreement under the Release to exclude from their mutual releases thereunder only their right to dispute the reasonableness of Defense Costs and to seek recovery of those Defense Costs. Instead, the Plaintiff's Complaint purports to assert claims which are barred by the Release.

BOS_~2254820.DOC/SMORRIS

WHEREFORE, Twin City requests that this Court enter judgment in favor of Twin City:

(a)     For damages and interest, in an amount to be determined at trial;

(b)     For an order and decree that Twin City has satisfied its obligation under the

Policy and Release; and

(c)     Awarding Twin City such other and further relief as the Court may deem just and

proper.


Dated:  December 2, 2005                    By its attorneys,



                                             /s/ Steven D. Morris
                                            John D. Hughes (BBO# 243660)
                                            Craig Stewart (BBO # 480440)
                                            Mary Patricia Cormier (BBO# 635756)
                                            Steven D. Morris (BBO# 645093)
                                            EDWARDS ANGELL PALMER & DODGE, LLP
                                            111 Huntington Avenue
                                            Boston, MA  02199
                                            (617) 239-0164

- 6 -                          BOS_BOS_513746_1.DOC/SMORRIS

**EXHIBIT A**

## AGREEMENT AND CONDITIONAL CLAIM RELEASE

This Agreement and Conditional Claim Release is entered into by and between Twin City Fire Insurance Company ("Twin City") and Societe Generale ("SG"). The Agreement and Conditional Claim Release shall become effective when fully executed.

WHEREAS, Twin City insured SG pursuant to an Excess Financial Products Insurance Policy No. NDF0130761 (the "Twin City Policy") which, subject to and in accordance with all of its terms and conditions, provides certain coverage in excess of a Primary Policy issued by Lloyd's, Policy No. 509/QA500298 and Excess Policies issued by National Union Fire Insurance Company of Pittsburg PA, Policy No. 861-76-44 (the "National Union Policy"), Gulf Insurance Group, Policy No. GA0280251 (the "Gulf Policy") and Executive Risk Indemnity, Inc., Policy No. 152-12902-98 (the "Executive Risk Policy"), (collectively the "Underlying Excess Policies")

WHEREAS, the Twin City Policy, follows form to and provides or limits coverage pursuant to all of the terms and conditions of the Primary Policy and the Underlying Excess Policies, unless otherwise excluded, modified or limited by the terms and conditions of the Twin City Policy;

WHEREAS, the Twin City Policy affords an aggregate limit of liability of $15 million excess of the aggregate limit of liability of $55 million provided by the Primary Policy and Underlying Excess Policies which is excess of SG's self insured retention of $2.5 million;

WHEREAS, SG has sought coverage under the Twin City Policy, the Primary Policy and the Underlying Excess Policies in connection with claims asserted against SG Cowen & Co., LLC (f/k/a SG Cowen Securities Corporation) ("SG Cowen") in an action brought by Janet Baker, James Baker, JKBaker LLC, a Delaware limited liability company, and JMBaker LLC, a

Delaware limited liability company (collectively "Bakers") styled <u>Baker et al. v. KPMG LLP et al.</u>, No. 02-CV-10305-PBS pending in the District Court for the District of Massachusetts, and an action brought by Robert Roth, Paul Bamberg, and Donald B. Fletcher, Jr., as Trustees of the Paul G. Bamberg Trust, and Cherry F. Bamberg and Donald Fletcher, Jr., as Trustees of the Cherry F. Bamberg Trust (the "Bambergs") styled <u>Roth et al. v. KPMG LLP et al.</u>, No. 02-CV-10304-PBS pending in the District Court for the District of Massachusetts, which actions (collectively the "Actions") were consolidated, alleging claims, *inter alia*, against SG Cowen based on a variety of legal theories, including but not limited to fraud and negligence, and asserting rights to recover damages against SG Cowen (hereinafter referred to as the "Baker and Bamberg litigation");

WHEREAS, SG contends that Twin City is obligated to provide coverage under the Twin City Policy for the claims asserted in the Baker and Bamberg litigation and Defense Costs and other Claims Expenses incurred therein

WHEREAS, Twin City and SG dispute whether coverage is available under the Twin City policy, in whole or in part, for the claims alleged in the Baker and Bamberg litigation and Twin City and SG dispute the reasonableness of the Defense Costs and other Claims Expenses incurred therein;

WHEREAS, in return for the payment and receipt of good and valuable consideration, Twin City and SG desire to compromise, settle, waive and relinquish all possible demands, claims or rights which they may have including but not limited to any and all demands, claims or rights arising in any manner from, or connected in any manner with the Baker and Bamberg litigation, with the exception of any issues related to or in any way concerning the

2

reasonableness of Defense Costs and other Claims Expenses incurred in the Baker and Bamberg litigation, subject to the terms and conditions of this agreement;

NOW, THEREFORE, in consideration of the mutual covenants set forth and payments provided for herein, and other good and valuable consideration the receipt and adequacy of which is hereby acknowledged, and in accordance with the foregoing recitals it is hereby stipulated and agreed by and between Twin City on the one hand, and the SG on the other hand, as follows:

1.      Twin City shall make a payment in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.) (the "Settlement Payment") toward the funding of the settlement of the Baker and Bamberg litigation pursuant to the terms of the Settlement Agreement entered into between SG Cowen and the plaintiffs in the Baker and Bamberg litigation. SG Cowen will make a payment in the amount of Seven Million Four Hundred Twenty Nine Thousand Five Hundred Ninety Dollars ($7,429,590.) toward the funding of the settlement of the Baker and Bamberg litigation.

2.      Twin City and SG agree that each party reserves its respective rights to dispute the reasonableness of Defense Costs and other Claims Expenses incurred in the course of the Baker and Bamberg litigation, and SG reserves its right to seek full recovery of the Defense Costs and other Claims Expenses and no payment by Twin City or SG toward funding the settlement of the Baker and Bamberg litigation will prejudice the rights of either party. In no event shall Twin City pay more than a total of $15 million toward the funding of the settlement and reimbursement of Defense Costs and other Claims Expenses, collectively.

3

APR. -07' 05(THU) 06:57    SG LEGAL                    TEL:212 278 7053          P. 005

04/06/2005  10:10    2122770945           HFP CLAIMS D&D #1                    PAGE  05/08

3.      In consideration of the agreement by Twin City described above, as well as any

additional consideration, the receipt and adequacy of which is hereby acknowledged, SG, on its

own behalf and on behalf of its past, present or future trustees, agents, heirs, executors,

administrators, assigns, partners, principals and all persons or entities claiming through any of

the foregoing, hereby release and forever discharge Twin City and all of its past, present or

future trustees, agents, employees, attorneys, companies, divisions, affiliates, subsidiaries,

predecessors, successors, heirs, executors, administrators, owners, assigns, directors, partners,

principals, officers, employees, insurers and reinsurers, and representatives of any of them, and

all persons acting by, through, under or in concert with, or any of it, from and with respect to any

and all manner of action or actions, cause or causes of action of any nature, whether class

derivative, or individual in nature, in law or in equity, for indemnity or otherwise, claims,

demands, suits, obligations, debts, liens, damages, losses, attorneys' fees, costs, contracts,

agreements, promises, controversies, judgments and demands, rights or liabilities, of any nature

whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent that SG

ever had, now has, claims to have or in the future may have, arising from, in connection with or

in any way related to the Baker and Bamberg litigation with the sole exception of the dispute

with Twin City as to the reasonableness of Defense costs and other Claims Expenses, and SG's

right to seek full recovery of the Defense Costs and other Claims Expenses referred to in

paragraph 2 above.

4.      In consideration of and subject to the mutual promises, representations, warranties

and undertakings set forth herein Twin City, on its own behalf and on behalf of all of its past,

present or future trustees, agents, employees, attorneys, companies, divisions, affiliates,

subsidiaries, predecessors, successors, heirs, executors, administrators, owners, assigns,

4

directors, partners, principals, officers, employees, insurers and reinsurers, and representatives of any of them, and all persons acting by, through, under or in concert with, hereby releases and forever discharges SG and all of its past, present or future trustees, agents, heirs, executors, administrators, assigns, partners, principals and all persons claiming through any of the foregoing, from and with respect to any and all manner of action or actions, cause or causes of action of any nature, whether class derivative, or individual in nature, in law or in equity, for indemnity or otherwise, claims, demands, suits, obligations, debts, liens, damages, losses, attorneys' fees, costs, contracts, agreements, promises, controversies, judgments and demands, rights or liabilities, of any nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent that Twin City ever had, now has, claims to have or in the future may have, arising from, in connection with or in any way related to the claims asserted in the Baker and Bamberg litigation with the sole exception of the dispute with SG as to the reasonableness of Defense costs and other Claims Expenses, and SG's right to seek full recovery of the Defense Costs and other Claims Expenses referred to in paragraph 2 above.

5.    SG acknowledges, represents and warrants that it has not assigned, sold, transferred, or otherwise disposed of any of the causes of action, claims or other matters, which are being released hereby. If, contrary to this representation and warranty, SG assigns or has assigned such rights to any other person or entity, then SG shall defend, indemnify and hold harmless the other Party with respect to any claim or action brought by any assignee of any interest assigned contrary to this representation and warranty.

6.    This Agreement is effective upon execution by Twin City and SG; provided, however, that in the event the Settlement of the Baker and Bamberg litigation is not finally consummated for any reason, then (a) this Agreement shall be void *ab initio*; neither this

5

Agreement, nor any negotiations, proceedings, or conversations had or statements made in connection with this Agreement, shall be used or referred to by any of the Parties hereto in any manner or for any purpose; and the Parties shall otherwise be restored to their respective positions immediately prior to the execution and delivery of this Agreement.

7.      This Agreement and Conditional Release is entered into to facilitate the funding of the settlement of the Baker and Bamberg litigation, and neither the execution of, nor the performance of any of the terms of this Agreement shall constitute or be construed as an admission by Twin City or SG of any liability or of the existence of insurance coverage, or of any fact or indication that any claim of any Party against any other Party has any merit.

8.      Each of the Parties and/or their counsel has reviewed this Agreement and understands the releases, representations and all other matters set forth herein and any dispute about the meaning of any part of this Agreement shall be construed as if the Agreement were jointly drafted.

9.      This Agreement sets forth the entire agreement of the Parties and supercedes any prior agreements or understandings between them relating to the Twin City Policy and the Parties are not relying on any statement, representation, promise or inducement not expressly set forth herein.

10.     This Agreement may be amended or modified only by a written instrument signed by the Parties.

11.     This Agreement may be executed in one or more counterparts, and in both original form and one or more photocopies, each of which shall be deemed an original, but all of which together shall be deemed to constitute one and the same instrument.

6

APR. -07' 05 (THU) 06:58    SG LEGAL                    TEL:212 278 7053        P. 008

04/05/2005  18:18    2122770945              HFP CLAIMS D&O #1                    PAGE  09/08

IN WITNESS THEREOF, the Parties have caused their signatures to be affixed hereto on

the dates set forth below.

SOCIETE GENERALE

By: _____

Title: _MANAGING Director- GENERAL_
                                _COUNSEL_

TWIN CITY FIRE INSURANCE COMPANY

By: _____
        Christophe J. Butler
Title: _Assistant Vice President - HFP_

Q:\D&D Claims\Butler\SGcowenconditionalrelease.2nd revised.docc

7