UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SG COWEN & CO., LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-11106-PBS |
| ) | |
| v. ) | |
| ) | |
| TWIN CITY FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND COUNTERCLAIM TO
## AMENDED AND SUPPLEMENTAL COMPLAINT

Defendant Twin City Fire Insurance Company ("Twin City") hereby answers the

allegations contained in Plaintiff SG Cowen & Co., LLC's ("Plaintiff" or "SG Cowen")

Amended and Supplemental Complaint (the "Amended Complaint"), as follows:

### FIRST DEFENSE

Twin City, pursuant to Fed. R. Civ. P. 8(b), answers the allegations contained in

the numbered paragraphs of the Amended Complaint, as follows:

1.    Twin City lacks knowledge sufficient to form a basis as to the truth of the

allegations contained in Paragraph 1 of the Amended Complaint.

2.    Admitted.

3.    In so far as Paragraph 3 contains conclusions as to law, no answer is

required.   In so far as Paragraph 3 contains factual allegations, Twin City lacks

knowledge or information sufficient to form a belief as to the truth of those allegations.

4.    In so far as Paragraph 4 contains conclusions as to law, no answer is required. In so far as Paragraph 4 contains factual allegations, Twin City lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

5.    Admitted as to the first two sentences of Paragraph 5. With respect to the third sentence, Twin City admits that Plaintiff made one or more payments to settle the Baker Litigation but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this sentence. Twin City admits that it consented to the amount of the settlement negotiated by Plaintiff's counsel on or about January 27, 2005, and is without knowledge or information sufficient to form a belief as to the remaining allegations of this sentence.

6.    Twin City denies the factual allegations of the first sentence of Paragraph 6 and is without sufficient knowledge or information to form a belief as to Plaintiff's subjective motivation for bringing this action. As to the second sentence, Twin City admits that Plaintiff fully paid the premiums due for the Excess Financial Products Insurance Policy issued by Twin City and which applied to the Baker Litigation (hereafter, "the Policy") and denies the remaining allegations of this sentence. With respect to the remaining allegations in Paragraph 6, Twin City states that the terms of the Policy are in a written document which speaks for itself. To the extent the allegations contained in Paragraph 6 are inconsistent therewith, Twin City denies them.

7.    This paragraph does not purport to address the conduct of Twin City with respect to the Policy at issue in this action, and Twin City is without knowledge or information sufficient to form a belief as to what the Plaintiff means by "customary," or the truth of the alleged practices of an unidentified "insurer" and an unidentified "insured" and so denies the allegations set forth in this paragraph.

Answer to

8.    Twin City is without knowledge or information sufficient to form a belief as to the truth of the first three sentence of Paragraph 8.  With respect to the fourth sentence of this paragraph, Twin City says that, pursuant to the Policy, no Defense Costs were to be incurred without Twin City's written consent, and pursuant to the Policy Plaintiff knew or should have known that Twin City's obligation to pay Defense Costs extended only to Defense Costs that were reasonable and necessary.  Further answering, Twin City says that it was not Twin City's obligation to review invoices for Defense Costs before they were paid by SG Cowen or its agents, and so it did not; nor did Twin City object to the reasonableness of invoices which it had never been provided by Plaintiff.  With respect to the fifth and six sentences of Paragraph 8, Twin City states that the terms of the Policy are in a written document which speaks for itself; and to the extent the allegations contained in Paragraph 8 are inconsistent therewith, Twin City denies them.

9.    Admitted as to the first sentence of Paragraph 9.  As to the second sentence, Twin City admits that on February 1, 2005, Christopher Butler orally confirmed that Twin City consented to the amount of the settlement to which SG Cowen and the plaintiffs in the Baker Litigation had agreed in principle (hereafter, "the Settlement Amount"), and requested information from Plaintiff so that Twin City could calculate the amount of money that it would be required to contribute to the Settlement Amount under the terms of its Policy; otherwise denied.

10.    As to the first sentence, Twin City admits that based on information furnished by Plaintiff's counsel Twin City believed that the amount of its contribution to the Settlement Amount under its Policy would be approximately $7.5 million; otherwise denied.  As to the remaining allegations of Paragraph 10, Twin City admits that at

- 3 -

sometime in March, 2005 it learned that the erosion of the amount of the underlying insurance was greater than it had been led to believe by Plaintiff's counsel; that it never withdrew its consent to the Settlement Amount; and otherwise denied.

11.     Denied.

12.     Denied, except that Twin City admits it obtained copies of the invoices totaling $15,136,348 submitted by Skadden, Arps, Slate, Meagher & Flom, LLP for a period of time through approximately January, 2005; and that it caused the invoices to be audited by an outside law firm which concluded in March, 2005 (hereafter, "the March Audit") that those invoices were excessive and unreasonable in the amount of at least $5.4 million.

13.     Twin City admits that it sent a letter to Steven P. Heineman, Managing Director, of SG Cowen providing the results of an audit conducted by an outside law firm, which letter speaks for itself; otherwise denied.

14.     Twin City admits that it advised Plaintiff in March/early April, 2005 that pursuant to its Policy it could only pay Defense Costs and other Claims Expenses (collectively, "Defense Costs") that were reasonable, and that it intended to set off that portion of the Defense Costs that were unreasonable against the amount of its contribution to the Settlement Amount.     Twin City otherwise denies Plaintiff's characterization of Twin City's position.

15.     Denied.

16.     Twin City admits that the audit concluded that $5.4 million of the invoices submitted by Skadden, Arps were unreasonable, otherwise denied.

17.     Denied. Further answering, Twin City says that Plaintiff was never able to provide it with the total amount of Defense Costs that it had incurred in defending the

Baker Litigation; that Twin City was finally able to obtain invoices and other information purporting to show that Defense Costs in the amount of approximately $18 million had been incurred by Plaintiff, a portion of which Defense Costs Twin City had audited with a finding that a substantial percentage were unreasonable; that still other Defense Costs had been incurred but remained to be paid; and that at various times Plaintiff represented that Twin City owed Plaintiff approximately $500,000 more than Plaintiff would later claim in August of 2005.

18.    Denied.  Further answering, Twin City says that Plaintiff and Twin City entered into a written Settlement Agreement and Conditional Claim Release (hereafter, "the Release") whereby the parties agreed, *inter alia*, that that Twin City would contribute $7.5 million to the Settlement Amount; Plaintiff would contribute $7,429,590; that both parties reserved their respective rights to dispute the reasonableness of Defense Costs and other Claims Expenses; and that Plaintiff reserved its right to seek full recovery of any remaining unpaid Defense Costs and other Claims Expenses.

19.    Denied as to the first sentence of Paragraph 19.  Admitted as to the second sentence of Paragraph 19.

20.    Denied.

21.    Twin City is without knowledge or information sufficient to form a belief as to what the Plaintiff anticipated in late March, 2005; admits that by April 8, 2005, the policy limits of the Underlying Excess Insurers were exhausted and that Twin City's remaining limits were available to respond to the Baker Litigation Defense Costs; admits that it paid without dispute Defense Costs of approximately $100,000 which were submitted for payment after the execution of the Release; and otherwise denied.

22.    Denied as to the first and second sentences of Paragraph 22. As to the third sentence, Twin City is without sufficient knowledge or information to form a belief as to Plaintiff's interests or motivation. As to the fourth sentence, Twin City admits that Plaintiff and Twin City compromised their positions and entered into the written Release which was executed on or about April 6, 2005, and whose terms speak for themselves; otherwise denied.

23.    As to the first sentence of Paragraph 23, Twin City admits that the Release was intended to reserve for later resolution the dispute between the parties over the reasonableness of the Defense Costs; and otherwise denied. As to the remaining allegations of this paragraph, Twin City states that the terms of the Release are set forth in a written document which speaks for itself. To the extent the allegations contained in Paragraph 23 are inconsistent therewith, Twin City denies them, including but not limited to Plaintiff's contention that SG Cowen preserved a right to argue that "Twin City had no right to second-guess the exhaustion of the Underlying Insurance," and Plaintiff's contention that it "preserved SG Cowen's right to recover the unpaid portion of the Settlement," without regard to Plaintiff's release of Twin City from all claims "arising from, in connection with or in any way related to the [underlying] litigation with the *sole exception* of the dispute with Twin City as to the reasonableness of Defense Costs and other Claims Expenses and SG's right to seek full recovery of the Defense Costs and other Claims Expenses referred to in paragraph 2 [of the Release]" (emphasis added).

24.    Admitted as to the first sentence of Paragraph 24. As to the second sentence, Twin City states that the terms of the Release are set forth in a written document which speaks for itself. To the extent the allegations contained in Paragraph 24 are inconsistent therewith, Twin City denies them.

Answer to

25.    In response to the allegations of Paragraph 25, Twin City states that the terms of the Release are set forth in a written document which speaks for itself. To the extent the allegations contained in Paragraph 25 are inconsistent therewith, Twin City denies them.

26.    Admitted as to the first two sentences of Paragraph 26. As to the third sentence, Twin City admits that all five of the representatives of SG Cowen in attendance at the meeting advised Butler of Plaintiff's position that Twin City had no right to dispute the reasonableness of the Defense Costs, notwithstanding the express terms of the Release; otherwise denied.

27.    As to the first sentence of Paragraph 27, Twin City admits that all five of the representatives of SG Cowen in attendance at the meeting advised Butler of Plaintiff's position that Twin City had no right to dispute the reasonableness of the Defense Costs, notwithstanding the express terms of the Release. As to the second sentence, Twin City denies that there was no dispute over the approximately $1.4 million demanded by Plaintiff, since Twin City had not had an opportunity to audit the recently received invoices and was concerned that a substantial percentage of these invoices would be determined to be unreasonable. As to the third sentence, Twin City denies that Butler said he needed to consult with "decision makers" regarding paying the $1.4 million in invoices; and admits that he told the five SG Cowen lawyers that he would advise his superiors of Plaintiff's position that Twin City had no right to challenge the reasonableness of the Defense Costs. As to the fourth sentence, denied.

28.    Denied, except that by late May 2005 Butler had not made any proposal to SG Cowen or had arranged any meeting between SG Cowen and his superiors.

29.    Twin City is without knowledge or information sufficient to form a belief as to SG Cowen's knowledge during the time period alleged; admits that by August, 2005 it had determined to reimburse approximately $1.4 million in Defense Costs that it had previously set off against its payment to Plaintiff under the Policy; otherwise denied.

30.    Twin City admits that by August, 2005 it had determined to reimburse approximately $1.4 million in Defense Costs that it had previously set off against its payment to Plaintiff under the Policy;and that on November 22, 2005, Butler sent Plaintiff's counsel a check in the amount of $1,444,606.14; otherwise denied.

31.    As to the first sentence of Paragraph 31, the letter dated May 26, 2005 referenced therein speaks for itself; to the extent the allegations contained in this sentence are inconsistent therewith, Twin City denies them.  As to the second sentence, denied.  As to the third sentence, admitted.

32.    Twin City admits that the Plaintiff's original Complaint in this action was filed on May 26, 2005.  As to the second sentence, the original Complaint is a written document which speaks for itself; and to the extent the allegations contained in this sentence are inconsistent therewith, Twin City denies them.  Further answering, Twin City is without knowledge or information sufficient to form a belief as to the Plaintiff's motives for what claims it did or did not include in its original Complaint.

33.    Denied.

34.    Denied.

35.    In response to Paragraph 35, Twin City says that its original Answer and Counterclaim speaks for itself; that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them; and that on or about

December 1, 2005 Twin City amended its original Answer and Counterclaim without objection from the Plaintiff.

36.     In response to Paragraph 36, Twin City says that its original Answer and Counterclaim speaks for itself; that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them; and that on or about December 1, 2005 Twin City amended its original Answer and Counterclaim without objection from the Plaintiff.

37.     Twin City admits that it interposed a Counterclaim seeking damages from SG Cowen; otherwise denied.

38.     Admitted.

39.     In response to Paragraph 39, Twin City says that its original Answer and Counterclaim speaks for itself; that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.  Further answering Twin City says that on or about December 2, 2005 Twin City amended its original Answer and Counterclaim without objection from the Plaintiff.

40.     In response to this Paragraph 40, Twin City says that its original Answer and Counterclaim speaks for itself; that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.  Further answering Twin City says that on or about December 2, 2005 Twin City amended its original Answer and Counterclaim without objection from the Plaintiff.

41.     In response to Paragraph 41, Twin City says that its original Answer and Counterclaim speaks for itself; that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.  Further answering Twin

City says that on or about December 2, 2005 Twin City amended its original Answer and Counterclaim without objection from the Plaintiff.

42.    In response to Paragraph 42, Twin City says that its original Answer and Counterclaim speaks for itself; that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them. Further answering Twin City says that on or about December 2, 2005 Twin City amended its original Answer and Counterclaim without objection from the Plaintiff.

43.    Denied. Further answering, Twin City says on or about November 14, 2005, two weeks before Mr. Butler's deposition and two months before Plaintiff filed its prolix Amended Complaint, Twin City answered the Plaintiff's First Set of Interrogatories in which it set forth its understanding of the plain language of the Release and the Plaintiff's rights thereunder, including Plaintiff's right to dispute Twin City's position that a portion of the Defense Costs were unreasonable and its right to seek full recovery for that portion of the Defense Costs that Twin City had set off against the amount demanded by Plaintiff under the Policy. .

44.    Denied.

45.    Denied.

46.    Denied, except that Twin City's individually drafted Statement of the Case speaks for itself and to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.

47.    Paragraph 47 consists of argument and conclusions of law as to which no response is required. To the extent a response may be required the allegations are denied.

48.    Admitted as to the first sentence.  As to the second sentence, Twin City admits that it that the Complaint should be dismissed because the allegations contained therein were barred by the Release; otherwise denied.

49.    Twin City admits that Plaintiff's counsel Mr. Novack made various statements and predictions at the Rule 16 conference, including the prediction alleged in Paragraph 49, which was inaccurate.  Further answering, Twin City says that this paragraph constitutes argument as to which no response is required.  To the extent a response may be required, Twin City is without knowledge or information sufficient to form a belief as to what Plaintiff or its counsel purported to know or not to know, and otherwise denies the allegations of this paragraph.

50.    In so far as Paragraph 50 refers to the record, the record speaks for itself; to the extent the allegations contained in Paragraph 50 are inconsistent therewith, Twin City denies them.

51.    In so far as Paragraph 51 refers to the record, the record speaks for itself; to the extent the allegations contained in Paragraph 51 are inconsistent therewith, Twin City denies them.

52.    In response to Paragraph 52, Twin City says that Twin City's Memorandum of Law speaks for itself; and to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.

53.    Admitted as to the first sentence of Paragraph 53.  As to the remaining allegations of this paragraph, Twin City's Answers to Plaintiff's First Set of Interrogatories speaks for itself; to the extent the allegations contained in Paragraph 53 are inconsistent therewith, Twin City denies them.  Further answering Twin City says that Plaintiff has failed to include substantial portions of Twin City's answer to

Interrogatory No. 8 in the quoted material and in so doing has deliberately misstated Twin City's position.

54.    Admitted.

55.    Denied, except that Butler's transmittal letter speaks for itself; and to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.  Further answering, Twin City incorporates herein by reference its answer to Paragraph 43 regarding the meaning and the parties' understanding of their respective rights and obligations under the Release.

56.    Denied.

57.    Denied.

58.    Denied, except to the extent that Plaintiff may have accurately transcribed the quoted material selected from Butler's deposition transcript while choosing to omit testimony contrary to its position.

59.    Denied, except to the extent that Plaintiff may have accurately transcribed the quoted material selected from Butler's deposition transcript while choosing to omit testimony contrary to its position.

60.    Denied.

61.    In response to Paragraph 61, Twin City says that Butler's deposition transcript as amended by his errata sheet speaks for itself; and to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.

62.    Denied.

63.    This paragraph consists of an argumentive characterization of Butler's deposition testimony which speaks for itself, and as to which no response is required.  To the extent a response may be required the allegations are denied.  Further answering,

Twin City says that Mr. Butler explained in his deposition that certain Defense Costs and other Claims Expenses set off against the amount which the Plaintiff claims is due under the Policy had not been reviewed by Twin City at the time the Release was executed and were subject to further review by Twin City.

64.    In response to Paragraph 64, Twin City says that the official transcript of Mr. Butler's deposition and his errata sheet speak for themselves; and that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.

65.    In response to Paragraph 65, Twin City says that the official transcript of Mr. Butler's deposition and his errata sheet speak for themselves; and that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them. Admitted.

66.    In response to Paragraph 66, Twin City says that the official transcript of Mr. Butler's deposition and his errata sheet speak for themselves; and that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.

67.    In response to Paragraph 67, Twin City says that the official transcript of Mr. Butler's deposition and his errata sheet speak for themselves; and that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them.

68.    Admitted that Twin City filed a motion for leave to amend its Answer and Counterclaim on or about December 2, 2005, which was unopposed.

69.    In response to Paragraph 69, Twin City says that its First Amended Answer and Counterclaim speaks for itself; and that to the extent the allegations

contained in this paragraph are inconsistent therewith, Twin City denies them. Further answering, Twin City incorporates herein by reference its answer to Paragraph 43 regarding the meaning and the parties' understanding of their respective rights and obligations under the Release.

70.    In response to Paragraph 70, Twin City says that its First Amended Answer and Counterclaim speaks for itself; and that to the extent the allegations contained in this paragraph are inconsistent therewith, Twin City denies them. Further answering, Twin City incorporates herein by reference its answer to Paragraph 43 regarding the meaning and the parties' understanding of their respective rights and obligations under the Release.

### Count I

71.    Twin City repeats and realleges its responses to Paragraphs 1 through 70 of the Amended Complaint as if set forth in their entirety.

72.    In so far as Paragraph 72 contains conclusions as to law, no answer is required. In so far as Paragraph 72 contains factual allegations, Twin City admits those allegations except to the extent the Plaintiff characterizes the $1,444,606.14 sum that Twin City has already paid to SG Cowen as a payment towards the Settlement. Twin City states that it paid that sum in accordance with SG Cowen's right under the Release to seek recovery of that portion of the Defense Costs and other Claims Expenses that Twin City claims were unreasonable and which it set off against the amount which the Plaintiff claims is due under the Policy.

### Count II

73.    Twin City repeats and realleges its responses to Paragraphs 1 through 70 of the Amended Complaint as if set forth in their entirety.

Amended Complaint.DOC                                                                    Answer to

74.    Denied.

## Count III

75.    Twin City repeats and realleges its responses to Paragraphs 1 through 70 of the Amended Complaint as if set forth in their entirety.

76.    In so far as Paragraph 76 contains conclusions as to law, no answer is required. In so far as this paragraph contains factual allegations Twin City states that the Policy is in writing and speaks for itself. To the extent the allegations contained in Paragraph 76 are inconsistent therewith, Twin City denies them.

77.    Denied.

78.    Denied.

## Count IV

79.    Twin City repeats and realleges its responses to Paragraphs 1 through 70 of the Amended Complaint as if set forth in their entirety.

80.    In so far as Paragraph 80 contains conclusions as to law, no answer is required. In so far as Paragraph 80 contains factual allegations, Twin City admits them.

81.    Denied.

82.    Denied. In so far as Paragraph 82 contains conclusions as to law, no answer is required. In so far as Paragraph 82 contains factual allegations, Twin City denies them.

83.    In so far as Paragraph 83 contains conclusions as to law, no answer is required. In so far as Paragraph 83 contains factual allegations, Twin City denies them.

84.    Denied.

85.    Denied.

86.    Denied.

- 15 -

87.    Denied.

88.    Denied.

89.    Denied.


Twin City, pursuant to Fed. R. Civ. P. 8(c), sets forth the following affirmative defenses to the Amended Complaint.

### SECOND DEFENSE

90.    Twin City compromised a dispute over coverage with SG Cowen.

91.    In connection with that compromise, the parties agreed to an Agreement and Conditional Claim Release (the "Release"), a true and accurate copy of which is attached hereto as Exhibit A.

92.    Paragraph 3 of the Release states that SG Cowen releases Twin City from all claims "arising from, in connection with or in any way related to the [underlying] litigation with the *sole exception* of the dispute with Twin City as to the reasonableness of Defense Costs and other Claims Expenses and SG's right to seek full recovery of the Defense Costs and other Claims Expenses referred to in paragraph 2 [of the Release]." (emphasis added)

93.    Paragraph 2 of the Release states that:

each party reserves its respective rights to dispute the reasonableness of Defense Costs and other Claims Expenses incurred in the course of the [underlying] litigation, and SG reserves its right to seek full recovery of the Defense Costs and other Claims Expenses and no payment by Twin City or SG toward funding the settlement of the [underlying] litigation will prejudice the rights of either party. In no event shall Twin City pay more than a total of $15 million toward the funding of the settlement and reimbursement of Defense Costs and other Claims Expenses, collectively.

94.    Nowhere in its Amended Complaint does the Plaintiff seek recovery of the disputed Defense Costs and other Claims Expenses (hereafter, "Defense Costs") that Twin City determined to be unreasonable and which it had deducted from its payment under the Policy, and which was the sole exception to the mutual releases executed by the parties under the Release. Instead, the Plaintiff has argued that because it has already been paid the Defense Costs, it should be allowed to ignore the plain language of the Release and seek what it calls "an additional sum of $5,411,237.35 towards the funding of the Settlement" [Amended Complaint, ¶74] without regard to the reasonableness of the Defense Costs deducted by Twin City.

95.    Accordingly, the Plaintiff's claims as set forth in the Amended Complaint do not concern the reasonableness or seek recovery of the Defense Costs and other Claims Expenses specifically reserved under the Release and are, therefore, barred by the terms of the Release.

96.    Therefore, the Plaintiff is not entitled to recover.

### THIRD DEFENSE

97.    Twin City incorporates by reference and restates herein paragraphs 90 through 94, supra.

98.    Paragraph 1 of the Release states that "Twin City shall make a payment in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000) (the 'Settlement Payment') toward the funding of the settlement of the [underlying] litigation pursuant to the terms of the Settlement Agreement entered into between SG Cowen and the Plaintiffs in the [underlying] litigation."

99.    Paragraph 3 of the Release states that the Release by SG Cowen as described in paragraph 92, supra, was granted "[i]n consideration of the agreement by

- 17 -

Twin City described above, as well as any additional consideration, the receipt and adequacy of which is hereby acknowledged."

100.    Twin City paid the Settlement Payment pursuant to the terms of paragraph 1 of the Release and SG Cowen executed the Release as described in paragraphs 92 and 99, supra. As set forth in Twin City's Answers to Plaintiff's First Set of Interrogatories, Twin City has affirmed the Plaintiff's right under the Release to seek full recovery of that portion of the Defense Costs that Twin City claims were unreasonable and unnecessary and which it set off against the amount which the Plaintiff claims is due under the Policy. The Plaintiff's Amended Complaint fails to seek recovery for the aforesaid Defense Costs, and instead purports to assert claims which are barred by the Release.

101.    Based on the facts set forth in paragraph 99, supra, there has been full accord and satisfaction between the parties with respect to the claims asserted in the Plaintiff's Amended Complaint.

102.    Therefore, the Plaintiff is not entitled to recover.


## COUNTERCLAIM

Defendant and Counterclaim Plaintiff, Twin City, pursuant to Fed. R. Civ. P. 13(a), brings this counterclaim against the Plaintiff and Counterclaim Defendant SG Cowen, as follows:

1.    This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C.A. § 1367(a) as the matter forms a part of the same case or controversy as the allegations in the Amended Complaint which the Plaintiff SG Cowen alleges satisfy supplemental jurisdiction pursuant to 28 U.S.C. § 1332.

Answer to

2.     Twin City incorporates by reference and restates herein the allegations set forth in paragraphs 90 through 94 and 98 through 100 of the Answer to Amended Complaint, supra.

3.     Pursuant to paragraph 3 of the Release, SG Cowen released Twin City from all claims arising from, in connection with or in any way related to the [underlying] litigation, with the sole exception of claims related to the Defense Costs and Other Claims Expenses. Both the Plaintiff's original Complaint and Amended Complaint fail to seek recovery for the aforesaid Defense Costs which Twin City has set off against the amount claimed to be due under the Policy, apparently on the ground that said Defense Costs were satisfied by the Underlying Policy Coverage. Instead, the Plaintiff's original Complaint and Amended Complaint purport to assert claims which are barred by the Release.

4.     Accordingly, the Plaintiff SG Cowen has breached its obligation under Paragraph 3 of the Release to release Twin City as described in paragraph 16, supra., by filing the original Complaint and Amended Complaint against Twin City which ignores the parties' agreement under the Release to exclude from their mutual releases thereunder only their right to dispute the reasonableness of Defense Costs and to seek recovery of those Defense Costs. Instead, the Plaintiff's original Complaint and Amended Complaint purport to assert claims which are barred by the Release.

WHEREFORE, Twin City requests that this Court enter judgment in favor of Twin City:

(a)     For damages and interest, in an amount to be determined at trial;

(b)     For an order and decree that Twin City has satisfied its obligation under the Policy and Release; and

Amended Complaint.DOC

Answer to

(c)    Awarding Twin City such other and further relief as the Court may deem

just and proper.

Dated:  January 17, 2006                          By its attorneys,

                                                   /s/ Steven D. Morris
                                                  John D. Hughes (BBO# 243660)
                                                  Craig E. Stewart (BBO # 480440)
                                                  Steven D. Morris (BBO# 645093)
                                                  EDWARDS ANGELL PALMER &
                                                  DODGE, LLP
                                                  111 Huntington Avenue
                                                  Boston, MA  02199
                                                  (617) 239-0164

Amended Complaint.DOC                                                    Answer to

## AGREEMENT AND CONDITIONAL CLAIM RELEASE

This Agreement and Conditional Claim Release is entered into by and between Twin City
Fire Insurance Company ("Twin City) and Societe Generale ("SG"). The Agreement and
Conditional Claim Release shall become effective when fully executed.

WHEREAS, Twin City insured SG pursuant to an Excess Financial Products Insurance
Policy No. NDF0130761 (the "Twin City Policy") which, subject to and in accordance with all
of its terms and conditions, provides certain coverage in excess of a Primary Policy issued by
Lloyd's, Policy No. 509/QA500298 and Excess Policies issued by National Union Fire Insurance
Company of Pittsburg PA, Policy No. 861-76-44 (the "National Union Policy"), Gulf Insurance
Group, Policy No. GA0280251 (the "Gulf Policy") and Executive Risk Indemnity, Inc., Policy
No. 152-12902-98 (the "Executive Risk Policy"), (collectively the "Underlying Excess Policies")

WHEREAS, the Twin City Policy, follows form to and provides or limits coverage
pursuant to all of the terms and conditions of the Primary Policy and the Underlying Excess
Policies, unless otherwise excluded, modified or limited by the terms and conditions of the Twin
City Policy;

WHEREAS, the Twin City Policy affords an aggregate limit of liability of $15 million
excess of the aggregate limit of liability of $55 million provided by the Primary Policy and
Underlying Excess Policies which is excess of SG's self insured retention of $2.5 million;

WHEREAS, SG has sought coverage under the Twin City Policy, the Primary Policy and
the Underlying Excess Policies in connection with claims asserted against SG Cowen & Co.,
LLC (f/k/a SG Cowen Securities Corporation) ("SG Cowen") in an action brought by Janet
Baker, James Baker, JKBaker LLC, a Delaware limited liability company, and JMBaker LLC, a

Delaware limited liability company (collectively "Bakers") styled <u>Baker et al. v. KPMG LLP et al.</u>, No. 02-CV-10305-PBS pending in the District Court for the District of Massachusetts, and an action brought by Robert Roth, Paul Bamberg, and Donald B. Fletcher, Jr., as Trustees of the Paul G. Bamberg Trust, and Cherry F. Bamberg and Donald Fletcher, Jr., as Trustees of the Cherry F. Bamberg Trust (the "Bambergs") styled <u>Roth et al. v. KPMG LLP et al.</u>, No. 02-CV-10304-PBS pending in the District Court for the District of Massachusetts, which actions (collectively the "Actions") were consolidated, alleging claims, *inter alia*, against SG Cowen based on a variety of legal theories, including but not limited to fraud and negligence, and asserting rights to recover damages against SG Cowen (hereinafter referred to as the "Baker and Bamberg litigation");

WHEREAS, SG contends that Twin City is obligated to provide coverage under the Twin City Policy for the claims asserted in the Baker and Bamberg litigation and Defense Costs and other Claims Expenses incurred therein

WHEREAS, Twin City and SG dispute whether coverage is available under the Twin City policy, in whole or in part, for the claims alleged in the Baker and Bamberg litigation and Twin City and SG dispute the reasonableness of the Defense Costs and other Claims Expenses incurred therein;

WHEREAS, in return for the payment and receipt of good and valuable consideration, Twin City and SG desire to compromise, settle, waive and relinquish all possible demands, claims or rights which they may have including but not limited to any and all demands, claims or rights arising in any manner from, or connected in any manner with the Baker and Bamberg litigation, with the exception of any issues related to or in any way concerning the

2

reasonableness of Defense Costs and other Claims Expenses incurred in the Baker and Bamberg litigation, subject to the terms and conditions of this agreement;

NOW, THEREFORE, in consideration of the mutual covenants set forth and payments provided for herein, and other good and valuable consideration the receipt and adequacy of which is hereby acknowledged, and in accordance with the foregoing recitals it is hereby stipulated and agreed by and between Twin City on the one hand, and the SG on the other hand, as follows:

1.    Twin City shall make a payment in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.) (the "Settlement Payment") toward the funding of the settlement of the Baker and Bamberg litigation pursuant to the terms of the Settlement Agreement entered into between SG Cowen and the plaintiffs in the Baker and Bamberg litigation. SG Cowen will make a payment in the amount of Seven Million Four Hundred Twenty Nine Thousand Five Hundred Ninety Dollars ($7,429,590.) toward the funding of the settlement of the Baker and Bamberg litigation.

2.    Twin City and SG agree that each party reserves its respective rights to dispute the reasonableness of Defense Costs and other Claims Expenses incurred in the course of the Baker and Bamberg litigation, and SG reserves its right to seek full recovery of the Defense Costs and other Claims Expenses and no payment by Twin City or SG toward funding the settlement of the Baker and Bamberg litigation will prejudice the rights of either party. In no event shall Twin City pay more than a total of $15 million toward the funding of the settlement and reimbursement of Defense Costs and other Claims Expenses, collectively.

3

3.    In consideration of the agreement by Twin City described above, as well as any additional consideration, the receipt and adequacy of which is hereby acknowledged, SG, on its own behalf and on behalf of its past, present or future trustees, agents, heirs, executors, administrators, assigns, partners, principals and all persons or entities claiming through any of the foregoing, hereby release and forever discharge Twin City and all of its past, present or future trustees, agents, employees, attorneys, companies, divisions, affiliates, subsidiaries, predecessors, successors, heirs, executors, administrators, owners, assigns, directors, partners, principals, officers, employees, insurers and reinsurers, and representatives of any of them, and all persons acting by, through, under or in concert with, or any of it, from and with respect to any and all manner of action or actions, cause or causes of action of any nature, whether class derivative, or individual in nature, in law or in equity, for indemnity or otherwise, claims, demands, suits, obligations, debts, liens, damages, losses, attorneys' fees, costs, contracts, agreements, promises, controversies, judgments and demands, rights or liabilities, of any nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent that SG ever had, now has, claims to have or in the future may have, arising from, in connection with or in any way related to the Baker and Bamberg litigation with the sole exception of the dispute with Twin City as to the reasonableness of Defense costs and other Claims Expenses, and SG's right to seek full recovery of the Defense Costs and other Claims Expenses referred to in paragraph 2 above.

4.    In consideration of and subject to the mutual promises, representations, warranties and undertakings set forth herein Twin City, on its own behalf and on behalf of all of its past, present or future trustees, agents, employees, attorneys, companies, divisions, affiliates, subsidiaries, predecessors, successors, heirs, executors, administrators, owners, assigns,

4

directors, partners, principals, officers, employees, insurers and reinsurers, and representatives of any of them, and all persons acting by, through, under or in concert with, hereby releases and forever discharges SG and all of its past, present or future trustees, agents, heirs, executors, administrators, assigns, partners, principals and all persons claiming through any of the foregoing, from and with respect to any and all manner of action or actions, cause or causes of action of any nature, whether class derivative, or individual in nature, in law or in equity, for indemnity or otherwise, claims, demands, suits, obligations, debts, liens, damages, losses, attorneys' fees, costs, contracts, agreements, promises, controversies, judgments and demands, rights or liabilities, of any nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent that Twin City ever had, now has, claims to have or in the future may have, arising from, in connection with or in any way related to the claims asserted in the Baker and Bamberg litigation with the sole exception of the dispute with SG as to the reasonableness of Defense costs and other Claims Expenses, and SG's right to seek full recovery of the Defense Costs and other Claims Expenses referred to in paragraph 2 above.

5.    SG acknowledges, represents and warrants that it has not assigned, sold, transferred, or otherwise disposed of any of the causes of action, claims or other matters, which are being released hereby. If, contrary to this representation and warranty, SG assigns or has assigned such rights to any other person or entity, then SG shall defend, indemnify and hold harmless the other Party with respect to any claim or action brought by any assignee of any interest assigned contrary to this representation and warranty.

6.    This Agreement is effective upon execution by Twin City and SG; provided, however, that in the event the Settlement of the Baker and Bamberg litigation is not finally consummated for any reason, then (a) this Agreement shall be void *ab initio*; neither this

5

Agreement, nor any negotiations, proceedings, or conversations had or statements made in connection with this Agreement, shall be used or referred to by any of the Parties hereto in any manner or for any purpose; and the Parties shall otherwise be restored to their respective positions immediately prior to the execution and delivery of this Agreement.

7.      This Agreement and Conditional Release is entered into to facilitate the funding of the settlement of the Baker and Bamberg litigation, and neither the execution of, nor the performance of any of the terms of this Agreement shall constitute or be construed as an admission by Twin City or SG of any liability or of the existence of insurance coverage, or of any fact or indication that any claim of any Party against any other Party has any merit.

8.      Each of the Parties and/or their counsel has reviewed this Agreement and understands the releases, representations and all other matters set forth herein and any dispute about the meaning of any part of this Agreement shall be construed as if the Agreement were jointly drafted.

9.      This Agreement sets forth the entire agreement of the Parties and supercedes any prior agreements or understandings between them relating to the Twin City Policy and the Parties are not relying on any statement, representation, promise or inducement not expressly set forth herein.

10.     This Agreement may be amended or modified only by a written instrument signed by the Parties.

11.     This Agreement may be executed in one or more counterparts, and in both original form and one or more photocopies, each of which shall be deemed an original, but all of which together shall be deemed to constitute one and the same instrument.

6

IN WITNESS THEREOF, the Parties have caused their signatures to be affixed hereto on

the dates set forth below.

SOCIETE GENERALE

By: _____

Title: _MANAGING Director-GENERAL COUNSEL_

TWIN CITY FIRE INSURANCE COMPANY

By: _____

Title: _Assistant Vice President - HFP_

Q:\D&O Claims\Butler\SGcowenconditionalrelease.2nd revised.docc

7